**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MY'A ANDERSON,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00659-WWB-PRL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Defendant.**

**_______________________________________/**

# ORDER

This cause comes before the Court on pro se Plaintiff My'a Anderson's motion to streamline settlement disbursement and request that any settlement payment be made by direct deposit through a court-appointed settlement administrator. (Doc. 8). For the reasons explained below, Plaintiff's motion is due to be denied.

First, Plaintiff's motion fails to comply with the requirements of Local Rule 3.01(g). M.D. Fla. Local Rule 3.01(g). Under Local Rule 3.01(g), parties have a duty to confer in good faith prior to the filing of any motion in a civil case, subject to certain exceptions that are not applicable here. *See* M.D. Fla. Local Rule 3.01(g). A "Local Rule 3.01(g) Certificate" must also be included at the end of the motion, in which the movant must: "certify that the movant has conferred with the opposing party, . . . state whether the parties agree on the resolution of all or part of the motion, and . . . if the motion is opposed, . . . explain the means by which the conference occurred." *Id.*

Although Plaintiff is proceeding pro se, and therefore her pleadings are entitled to be construed liberally, she remains subject to the requirements of the Local Rules and the Federal

Rules of Civil Procedure. *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court"). Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/litigants-without-lawyers).

Further, Plaintiff's motion is premature. A settlement has not been reached in this matter and the Court declines to address disbursement of a potential future settlement.

Therefore, Plaintiff's motion is due to be denied.

**DONE** and **ORDERED** in Ocala, Florida on September 29, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party