**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MY'A ANDERSON,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00659-WWB-PRL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Defendant.**
_____________________________________/

**ORDER**

This cause is before the Court on pro se Plaintiff My'a Anderson's second motion to streamline settlement disbursement and request that any settlement payment be made by direct deposit through a court-appointed settlement administrator. (Doc. 11). Defendant opposes the motion and additionally requests that the Court strike the document filed as part of Plaintiff's motion containing information about settlement communications between the parties. (Doc. 13).

Plaintiff's initial motion to streamline settlement disbursement was denied due to Plaintiff's failure to adhere to the requirements of Local Rule 3.01(g) and because the motion was premature given that no settlement agreement had been reached in the case. While Plaintiff's second motion explains that she conferred with Defendant (Doc. 11 at 3), the second motion is still due to be denied as premature. As Plaintiff acknowledges in her motion, no settlement has been reached in this case. (Doc. 11 at 2-3). Accordingly, ruling on a term of a settlement agreement that may be reached in the future would be premature at this time, and Plaintiff's motion (Doc. 11) is **denied**.

Defendant also asks the Court to strike the information filed by Plaintiff related to settlement discussions between the parties. (Doc. 13 at 4-5). The Court finds that this information was improperly filed by Plaintiff because it contains confidential settlement communications. Therefore, the **Clerk is directed to remove page 5** (titled "Legal Memorandum") of Plaintiff's filing (Doc. 11) from the docket.

Finally, as the Court previously informed Plaintiff, although she is proceeding pro se, she remains subject to this Court's rules, including the Federal Rules of Civil Procedure and the Local Rules. *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that a pro se litigant "is subject to the relevant law and rules of court"). Therefore, Plaintiff is **cautioned** that filing additional repetitive motions prematurely requesting relief may result in the imposition of sanctions. Fed. R. Civ. P. 11(b).

**DONE** and **ORDERED** in Ocala, Florida, on October 20, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party