**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MY'A ANDERSON,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00659-WWB-PRL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Defendant.**
___________________________________/

**ORDER**

This cause is before the Court on Plaintiff My'a Anderson's motion titled "Plaintiff's Renewed Motion to Streamline Proceedings, Request for Case Management and Settlement Conference, and Incorporated Memorandum of Law." (Doc. 15). For the reasons explained below, this motion is due to be **denied**.[1]

At the outset, the Court notes that Plaintiff has previously been informed that her pro se status does not excuse her from compliance with the relevant rules of court. (Docs. 9, 12). The undersigned has also previously directed Plaintiff to resources for proceeding without a lawyer. (Docs. 9, 12).[2]

However, Plaintiff's present motion still fails to comply with the Local Rules in several respects. First, as a whole, the motion fails to comply with the formatting requirements

[1] The Court recognizes that Defendant has not had an opportunity to respond to this motion but finds sufficient grounds to deny the motion absent the benefit of a response from Defendant.

[2] To reiterate, Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/litigants-without-lawyers).

specified in the Local Rules. *See* M.D. Fla. Local Rule 1.08. Additionally, Plaintiff generally need not file proposed orders with her motions. *See* M.D. Fla. Local Rule 3.01(k) ("Unless otherwise permitted by these rules, no party in a civil action may submit a proposed judgment or other order without leave."). The Court is also not convinced that Plaintiff has adhered to the requirements of Local Rule 3.01(g).[3] Plaintiff's motion states that via email on October 4, 2026, she "conferred or attempted in good faith to confer with counsel for Defendant concerning the specific relief requested in this Motion," and that the motion is opposed. (Doc. 15 at 8). Plaintiff also states that "Defendant previously opposed settlement-administrator relief and characterized certain damages allegations as insufficiently supported," and that she "will accurately state Defendant's position concerning this renewed Motion after the required conferral." (*Id.* at 9). Based on these statements, it seems to the Court that Plaintiff did not, in fact, confer with Defendant regarding the current motion, and Plaintiff has not filed any document with the Court to satisfy the supplementation requirements as set forth in Local Rule 3.01(g)(3). *See* M.D. Fla. Local Rule 3.01(g)(3) (requiring a movant to "try diligently for three days" after filing to contact an unavailable opposing party and, promptly after obtaining a response or when the three-day window expires, to "supplement the motion with a statement certifying whether the parties have resolved all or part of the motion").[4] These violations alone warrant denial of Plaintiff's motion.

---

[3] Plaintiff is again reminded that under Local Rule 3.01(g), parties have a duty to confer in good faith prior to the filing of any motion in a civil case, subject to certain exceptions that are not applicable here. *See* M.D. Fla. Local Rule 3.01(g). A "Local Rule 3.01(g) Certificate" must also be included at the end of the motion, in which the movant must: "certify that the movant has conferred with the opposing party, . . . state whether the parties agree on the resolution of all or part of the motion, and . . . if the motion is opposed, . . . explain the means by which the conference occurred." *Id.*

[4] Under this Rule, "[f]ailure to timely supplement can result in denial of the motion without prejudice." *Id.*

However, the Court will also address several other issues raised by the present motion. First, Plaintiff's motion seems to again ask the Court to rule on disbursement of a potential future settlement. (Doc. 15 at 2, 7-8). The Court has denied requests related to distribution of a potential future settlement twice already, informing Plaintiff that such requests are premature. (Docs. 9, 16). Plaintiff's current request is still due to be denied as premature.

Further, Plaintiff's requests regarding case management and discovery, for example that the Court set a scheduling or settlement conference, or permit "focused discovery," are also due to be denied. (Doc. 15 at 4-6). This is not the way the case management or discovery process is done. Pursuant to Local Rule 3.02, parties in a civil case conduct a planning conference and file a case management report, after which the Court will enter a scheduling order. M.D. Fla. Local Rule 3.02. While the deadline for the case management report is approaching in this case, the parties have not yet filed one, and therefore it is not clear to the Court whether the parties have held their required conference under Rule 26(f) and accordingly what, if any, discovery has been conducted in this case. *See* M.D. Fla. Local Rule 3.02(b); Fed. R. Civ. P. 26(d) ("[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except" in limited circumstances). Additionally, the discovery process is generally governed by the Federal Rules of Civil Procedure and the Local Rules and takes place between the parties, absent a need for the Court's involvement. *E.g.*, Fed. R. Civ. P. 26(d); M.D. Fla. Local Rule 3.02. For example, a party may file an appropriate motion to compel should a dispute related to discovery arise. *See* Fed. R. Civ. P. 37(a). Generally, the filing of materials related to discovery should be done only in limited circumstances. *See* Middle District Discovery § I.C.1.

Plaintiff's present motion also attempts to raise arguments regarding the merits of her claims. (Doc. 15 at 6-7). Plaintiff has separately filed her response to Defendant's motion to dismiss. (Doc. 17). This was her opportunity to state her position on this motion and inform the Court of her arguments. *See* M.D. Fla. Local Rule 3.01(c) ("A party responding to a motion or brief may file a legal memorandum no longer than twenty pages."). The Court will not substantively address these arguments at this time.

Therefore, Plaintiff's motion (Doc. 15) is due to be **denied**. Plaintiff is **strongly cautioned** that she may be subject to sanctions if she continues to fail to adhere to this Court's rules.

**DONE** and **ORDERED** in Ocala, Florida on October 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party